UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DONNELL ROBERTSON, )
)
        Plaintiff, )
vs. ) No. 1:10-cv-1024-TWP-TAB
)
MAJOR V. VORIS, )
)
        Defendant. )

**Entry Discussing Motion for Summary Judgment**

The claim remaining for resolution in this civil rights action brought by Indiana prisoner Donnell Robertson ("Robertson") is asserted against defendant Major Voris "Voris"). Voris is the Custody Supervisor Major at the Correctional Industrial Facility ("CIF"), an Indiana prison.

For the reasons explained in this Entry, the defendant's motion for summary judgment (Dkt. 29) must be granted.

**Discussion**

The undisputed evidentiary record in this civil rights action shows that there is no genuine dispute as to any material issue of fact and that the defendant is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment must be granted. This conclusion is based on the following facts and circumstances:

1.    The only claim before the Court is that Voris violated Robertson's First Amendment rights in firing Robertson from the CIF's dog program.[1] Voris seeks

---

[1] Claims against medical provider defendants have been dismissed. Major Voris is not a medical provider and no claim for the denial of adequate medical care is stated against Major Voris. *Spruill v. Gillis,* 372 F.3d 218, 236 (3d Cir. 2004); *see also Hayes v. Snyder,* 546 F.3d 516, 527 (7th Cir. 2008)("The policy supporting the presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care is a sound one.").

resolution of this claim through the entry of summary judgment.[2]

2. Before the merits of Robertson's claim can be addressed, the court is required to address the defendant's affirmative defense that Robertson failed to exhaust his available administrative remedies prior to filing this action. *Pavey v. Conley*, 528 F.3d 494, 498 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999)("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.")

3. The law applicable to the affirmative defense is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*, 534 U.S. at 532. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."

---

[2] The motion for summary judgment, as with any such motion, must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).
    The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 ((7th Cir. 2008) (citing cases). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed.R.Civ.P. 56(e)(2). Robertson has not responded to the motion for summary judgment. The consequence is that the court accepts the defendant's recitation of the pertinent facts insofar as they are supported by admissible evidence. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission.").

*Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted).

4. Here, Robertson was an inmate at the CIF. The CIF had an inmate grievance procedure. Additionally, the CIF had available a classification appeal to an inmate who wished to challenge or grieve the termination of his job assignment. Records are maintained concerning whether, how, and to what extent a grievance and a classification appeal are filed. Those records show that Robertson never filed a grievance or a classification appeal regarding the claim asserted against Voris pertaining to Robertson's loss of his job with the CIF dog handler program.

5. Proper exhaustion of available administrative remedies is required to satisfy the requirements of the PLRA. Proper exhaustion is defined by the prison grievance process itself. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal court. That is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88.

6. "'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor*, 178 F.3d 869, 870 (7th Cir. 1999) (*quoting Liberles v. County of Cook*, 709 F.2d 1122, 1126 (7th Cir. 1983). The consequence of Robertson's failure to properly exhaust his administrative remedies as to the claim against Voris as described above, in light of 42 U.S.C. § 1997e(a), is that the claim against Voris should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.").

The motion for summary judgment (Dkt. No. 29) on this basis is **granted**, the defendant's other arguments pertaining to the resolution of the action need not be reached, and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/13/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Betsy M. Isenberg
Betsy.Isenberg@atg.in.gov

Kate E. Shelby
kate.shelby@atg.in.gov

Donnell Robertson
DOC #887464
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064